IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| BELLSOUTH ADVERTISING & PUBLISHING CORPORATION, | CIVIL ACTION NO. 3:04 CV 379-H |
| Plaintiff, | |
| vs. | STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER |
| STARNES DOOR SERVICE, INC., US DOOR AND DOCK SYSTEMS, INC., WILLIAM STARNES, III and JUNE STARNES, | |
| Defendants. | |

The parties to this stipulation of Confidentiality and Protective Order (the "Order") by and through their respective undersigned counsel, stipulate to be bound by the terms of this Order in connection with the discovery proceedings in this action, and further agree that they jointly move that a Protective Order be entered by the Court on the grounds that such Order is needed to prevent the unwarranted disclosure of confidential or proprietary information.

IT IS HEREBY STIPULATED BY AND BETWEEN COUNSEL FOR THE PARTIES HERETO THAT:

1. In with the discovery proceeding in this action including the initial disclosures required by the Federal Rules of Civil Procedure 26(a)(1) all document's produced, answers to interrogatories, admissions, and deposition transcripts (hereinafter the "Discovery Information") and the information contained in the Discovery Information, and any summaries, copies, abstracts, or other documents derived in whole or in part from the Discovery Information, shall be used by the receiving party only for the purpose of preparing for and conducting the instant litigation. Such Discovery Information shall not be used in or for other cases, proceedings, or disputes, or for any commercial, business, competitive, or other purpose whatsoever.

2. In connection with the discovery proceedings in this action, the Plaintiff BellSouth Advertising and Publishing Corporation ("BellSouth") or any of the Defendants may designate certain documents or information derived from the Discovery Information as "Proprietary" or "Confidential" under the terms of this Order. In the event that the number of documents designated by a party as "Proprietary" or "Confidential" exceeds 100 pages, the designating party shall provide a log of all documents designated as "Proprietary" or "Confidential" to the opposing counsel at the time such documents are delivered.

3. Proprietary documents shall be so designated by stamping, handwriting or otherwise marking copies of the documents produced to a party with the legend "Proprietary" or "Confidential" on the cover of any multi-page document shall designated all pages of the document as Proprietary or Confidential, unless otherwise indicated by the producing party. In the event a party had inadvertently produced a document which it later wishes to deem "Proprietary" or "Confidential," then the party may request in writing to the other party that any such document(s) shall be so considered, so long as the documents to be designated are clearly identified by Bates Stamp number or other means of identification.

4. The information contained in the Proprietary Material, and any summaries, copies, abstracts, or other documents derived in whole or in part from the Proprietary Material, shall be used by the receiving party only for the purpose of preparing for and conducting the instant litigation. Such Proprietary Material shall not be used in or for other cases, proceedings, or disputes, or for any commercial, business, competitive, or other purpose whatsoever.

5. It is the responsibility of counsel signing this Order to maintain the Proprietary Material in a secure and appropriate manner so as to allow access to the Proprietary Material only to such Qualified Persons as is permitted in Paragraph 6 of this Order.

2

6. Proprietary Material may be disclosed or made available by the receiving party only to "Qualified Persons" who are defined to consist of:

    (a) The Court;

    (b) Counsel to the parties to this Order and the paralegal, secretarial, and clerical staff employed by such counsel, each of whom shall be made aware of and required to abide by the terms of this order;

    (c) Court reporter(s) employed by counsel for a party to this Order;

    (d) Expert witnesses and consultants engaged by counsel for a party to this Order assisting in the prosecution or defense of the litigation, each of whom shall separately agree in writing to be bound and governed by the terms of this Order;

    (e) Duly designated representatives of the parties (officers, directors, employees) who are deposed or who are directly assisting in the prosecution or defense of the litigation, each of whom shall be specifically identified and shall be required to abide by the terms of this Order; and

    (f) Any such other person to which the parties to this Order agree in writing.

7. Proprietary Material shall not be disclosed by the receiving party to persons other than those Qualified Persons designated above. However, the producing party shall not be prohibited from disclosing its own Proprietary Material in the course of its regular business.

8. Depositions involving Proprietary Material shall be taken only in the presence of Qualified Persons as defined herein.

9. The inadvertent or unintentional disclosure of Proprietary Material shall be not constructed to be a waiver, in whole or in part, of:

  (a)  The producing party's claims of confidentiality either as to specific information disclosed or as to any other information relating thereto; and

  (b)  The obtaining party's claims of confidentiality for its information pursuant to this Order.

10. A willful breach of the provisions of this Protective Order shall be subject to sanctions, in the discretion of the Court, as within or authorized by any statute or rule or inherent power of the Court, or otherwise provided by law.

11. Each Qualified Person, other than a lawyer or member of his or her staff, to whom Proprietary Material is disclosed pursuant to this Order shall be advised that the Proprietary Material is being disclosed pursuant to and subject to the terms of an Order of the Court, and that sanctions may be imposed as a result of any violation of this Order.

12. To the extent that Proprietary Material is contained in or attached to any materials filed with the Court, such materials shall be filed under seal. No one, other than the Court, its agents and employees and persons authorized by this Order, or any subsequent order of the Court or agreement of the parties hereto, shall have access to such seal materials. Notwithstanding the restrictions contained in this Order on Proprietary Material, either party may use such material in any hearing, trial or appeal in this matter, subject only to objections raised under the Federal Rules of Evidence and Federal Rules of Civil Procedure, issues of privilege or other rights of the parties. Should Proprietary Material be utilized in any filed document or in any hearing, trial or appeal, counsel for the parties shall confer in advance of any such submission and cause such material to be placed under seal if requested by the designating party.

13. The production of any document or other information by either party that is arguably protected by the work-product or attorney-client privilege shall not be construed to be a general waiver by either party of such privilege.

14. The terms of this Order shall not be deemed to deprive any party to this Order of any objection to the production of Proprietary Material or Discovery Information on any ground, or of any other right, defense, or evidence objection that may otherwise be asserted in this action.

15. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained by such party or witness independently of the discovery proceedings in this litigation.

16. This Protective Order shall survive the final termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

17. Upon termination of this case, counsel for the parties to this Order shall assemble and return all Proprietary Material and all copies of same, to the producing parties, or shall certify to counsel for the producing party the destruction thereof, except that briefs and other court papers prepared for use in the litigation and all appeals, if any need not be returned or destroyed but shall be kept confidential.

18. This Order may be modified by the Court upon application by any party hereto.

19. The ultimate disposition of protected materials shall be subject to a final Order of the Court upon the completion of litigation.

20. By their signatures hereto, each party agrees that the District Court Judge may enter this document as an Order of the Court.

This the 6th day of June, 2005.

_____
Carl Horn, III
U.S. Magistrate Judge

_____
John W. Taylor
Attorney for Plaintiff


_____
Dale S. Morrison
Attorney for Defendants